UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| YVETTE WILLIAMS<br>8652 Johnson Ave<br>Glenarden, Maryland 20706<br><br>    Plaintiff,<br><br>v.<br><br>SHAUN DONOVAN, SECRETARY<br>U.S. DEPARTMENT OF HOUSING AND<br>URBAN DEVELOPMENT<br><br>    Defendant. | Civ. Action No.<br><br>Jury Trial Demanded |

# COMPLAINT

Plaintiff, Yvette Williams, by and through counsel, complains of Defendant as follows:

## JURISDICTION AND VENUE

1. This action is brought pursuant to § 501 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 791, et seq (Rehabilitation Act). This Court has federal question jurisdiction and venue is proper because Plaintiff was formerly employed in Washington, D.C.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

2. Plaintiff has exhausted her administrative remedies by filing a complaint of discrimination with the Agency on March 3, 2011 and requesting a final agency decision on June 21, 2012. More than 180 days have passed since the filing of this complaint, no administrative appeal has been filed, and final action has not been taken.

3. Plaintiff has exhausted her administrative remedies by filing a second complaint based on her removal with the Agency on April 9, 2012. More than 120 days have passed since

1

the filing of this complaint and there has been no final action or appeal to the Merit Systems Protection Board.

## THE PARTIES

4. Plaintiff, Yvette Williams, resides at 8652 Johnson Ave, Glenarden, MD 20706.

5. Defendant Shaun Donovan, Secretary, U.S. Department of Housing and Urban Development, is named in his official capacity as secretary of the agency that formerly employed Plaintiff within the U.S. government.

## FACTS

6. Plaintiff began working for Defendant in August 2008 as a Federal Career Intern performing rotational assignments in five different offices until she was permanently assigned to the Office of Executive Secretariat (OES) in July 2010. From July 2010 through February 4, 2012, Plaintiff was employed by Defendant as a Correspondence Specialist performing mail room duties in OES.

7. Plaintiff suffers from physical disabilities (Adenomyosis, Psoas Syndrome, and Lumbar Scoliosis) that substantially limit her major life activities.

8. At all times, Plaintiff was able to perform the essential functions of her job with reasonable accommodations.

9. On August 18, 2010, Plaintiff successfully completed her Federal Career Internship and inquired as to the status of her conversion to permanent status and promotion. Under Federal Career Intern procedures, Plaintiff was to be converted to permanent status upon successful performance and completion of two years and receive a promotion from a GS-9 to GS-12.

10. On December 6, 2010, Plaintiff met with her supervisors and was informed she would not receive a promotion to GS-12 due to her absences even though her performance had consistently been rated "outstanding" and all of her absences had been approved through FMLA or annual leave.

11. On December 14, 2010, Plaintiff received an official reprimand for allegedly rude and discourteous behavior during the December 6, 2010 meeting in which Plaintiff had respectfully questioned her supervisor's decision not to promote her by pointing out her performance rating and the fact that all of her absences had been approved.

12. On December 14, 2010, Plaintiff's supervisor also removed her from her alternative work schedule and began requiring her to work a Monday through Friday fixed schedule, despite knowing Plaintiff had been on an alternative work schedule for over two years due to her doctor's recommendation that she telework at least two days per week and that Plaintiff needed a flexible schedule that allowed her to seek medical treatment.

13. Other similarly-situated non-disabled co-workers were permitted to continue working an alternative work schedule.

14. On December 21, 2010, Plaintiff became severely ill, experienced severe pain while at work, and was rushed to the hospital in an ambulance as a result of workplace stress.

15. On January 13, 2011, Plaintiff received a performance appraisal of "excellent" instead of the rating of "outstanding" that she had received the previous year, even though her performance was equivalent or better.

16. On January 18, 2011, Plaintiff contacted an EEO counselor regarding her non-promotion, official reprimand, removal of alternative work schedule, and performance appraisal.

17. On February 11, 2011, Plaintiff's supervisor informed her that as of February 14, 2011,

Plaintiff was to perform a different set of job duties, that consisted of filing rather than her regular mail room duties.

18. On March 3, 2011, Plaintiff filed a formal complaint of discrimination alleging disability discrimination and retaliation for requesting reasonable accommodations based on her non-promotion, official reprimand, removal of alternative work schedule, and performance appraisal.

19. In March 2011, Plaintiff took leave under the Family and Medical Leave Act (FMLA) to care for her father in Georgia who was suffering from end stage renal failure.

20. On March 16, 2011, Plaintiff submitted a request to telework to her supervisor, Dorothy Fason.

21. On or about April 8, 2011, Plaintiff provided Defendant with a letter from her doctor in support of her request to telework.

22. On April 18, 2011, Plaintiff's FMLA leave expired and although her supervisor could have placed her on leave without pay, she placed her on AWOL on April 20, 2011.

23. On April 20, 2011, Plaintiff's request to telework was denied, her request for leave without pay (LWOP) was denied, and she was placed on absent without leave.

24. On May 13, 2011, Plaintiff amended her formal complaint to include the February 11, 2011 reassignment of job duties, April 20, 2011 denial of reasonable accommodation to telework, and the April 20, 2011 denial of LWOP.

## BACKGROUND EVIDENCE OF DISCRIMINATION

25. Instead of accommodating Plaintiff's disability, Defendant continued to mark her AWOL and failed to engage in an interactive process in an effort to remove her from her position.

26. On June 27, 2011, Plaintiff was issued a memorandum instructing her to report to work by July 11, 2011. Plaintiff informed her supervisor that she could not return to work by July 11, 2011 but that she would be able to report by August 1, 2011.

27. On July 12, 2011, Plaintiff submitted another request for reasonable accommodation in the form of telework from the Employee Assistance Program office.

28. On July 22, 2011, Plaintiff received a notice of proposed removal based on AWOL, failure to follow directive, and failure to follow instruction.

29. On August 1, 2011, Plaintiff returned to work.

30. On November 7, 2011, Plaintiff's request to telework was denied.

31. On November 16, 2011, the Reasonable Accommodation Committee (RAC) met to review and make a final decision on the denial of Plaintiff's request for reasonable accommodation to telework.

32. Plaintiff informed the members of the RAC that she had recently undergone MRI's and was waiting for the results and could then provide updated medical documentation.

33. The RAC agreed to delay the decision in light of new medical evidence and Plaintiff was instructed to submit additional medical evidence by November 18, 2011. This was not enough time to allow Plaintiff to meet with her doctor and obtain updated medical documentation.

34. As a result, on December 9, 2011, when Plaintiff received the medical documentation from her doctor, she was not permitted to submit it and was told that her case was closed.

### DENIAL OF REASOANBLE ACCOMMODATION AND REMOVAL

35. On December 23, 2011, the RAC upheld the denial of Plaintiff's request for reasonable accommodation to telework.

36. On January 6, 2012, Plaintiff was removed from her position effective January 7, 2012.

37. On January 9, 2012, Plaintiff's former attorney notified Defendant that the removal decision failed to consider her written response to the proposal.

38. On January 10, 2012, Plaintiff's removal was rescinded and she was instructed to report to work on January 11, 2012.

39. On January 31, 2012, Plaintiff was removed, effective February 4, 2012.

40. On February 6, 2012, Plaintiff contacted an EEO officer regarding the December 23, 2011 denial of reasonable accommodation to telework and the February 4, 2012 removal.

41. On April 9, 2012, Plaintiff filed a formal complaint alleging disability discrimination and retaliation based on the December 23, 2011 denial of reasonable accommodation and her February 4, 2012 removal.

## COUNT 1

42. Plaintiff repeats and realleges paragraphs 1-41 as if fully set forth herein.

43. By and through its conduct, Defendant violated the Rehabilitation Act by discriminating against Plaintiff on the basis of her disabilities, its record of her disabilities, and its perception of her as disabled, when it denied her a promotion, issued her an official reprimand, removed her from an alternative work schedule, issued her a performance rating of excellent, assigned her a different set of duties, denied her requests to telework, charged her AWOL, and removed her from her position.

## COUNT 2

44. Plaintiff repeats and realleges paragraphs 1-43 as if fully set forth herein.

45. By and through its conduct, Defendant violated the Rehabilitation Act by denying Plaintiff reasonable accommodations for her disability.

## COUNT 3

46. Plaintiff repeats and realleges paragraphs 1-45 as if fully set forth herein.

47. By and through its conduct, Defendant violated the Rehabilitation Act by terminating Plaintiff in retaliation for requesting reasonable accommodations.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims.

WHEREFORE, Plaintiff demands judgment against Defendant on each count in the amount of $300,000, or such other amount as it determined by a jury at trial, for compensatory damages for pain and suffering, mental anguish, and emotional distress, plus lost wages and benefits, front pay and benefits, reinstatement, interest, costs, the amount of tax on any award, and reasonable attorney's fees.


Dated:  November 29, 2012                  Respectfully submitted,

_____
Alan Lescht, DC Bar # 441691
Susan L. Kruger, DC Bar # 414566
Rani Rolston, DC Bar # 974052
Alan Lescht & Assoc., PC
1050 17th St., NW, Suite 400
Washington, D.C. 20036
Tel (202) 463-6036
Fax (202) 463-6067
Attorneys for Plaintiff