**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                )
YVETTE WILLIAMS                  )
                                )
            Plaintiff,           )
                                )
        v.                       ) Civil Action No. 12-1930 (EGS)
                                )
SHAUN DONOVAN, SECRETARY,        )
U.S. DEPARTEMENT OF HOUSING AND  )
HUMAN DEVELOPMENT                )
                                )
            Defendant.           )
_____)

<u>**MEMORANDUM OPINION**</u>

Ms. Yvette Williams brings this action alleging that defendant Sean Donovan, in his official capacity as Secretary, U.S. Department of Housing and Urban Development (the Department), violated the Rehabilitation Act (Act), 29 U.S.C. § 791, _et seq._, by discriminating against her based on her disabilities. In Count 1 of her Amended Complaint, Ms. Williams alleges that the Department discriminated against her because of her disabilities based on a series of events that culminated in her termination. Am. Compl., ECF No. 18 ¶ 43. In Count 2, Ms. Williams alleges that the Department denied her a reasonable accommodation for her disability. _Id._ ¶¶ 44-45. In Count 3, Ms. Williams alleges that the Department terminated her in retaliation for engaging in protected Equal Employment Opportunity (EEO) activity. _Id_. ¶¶ 46-47.

1

Before the Court is the Department's Motion to Dismiss Counts 1 and 3 of the Amended Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative for Summary Judgment on Counts 1, 2 and 3 pursuant to Federal Rule of Civil Procedure Rule 56.

Upon consideration of the motion, the response thereto, the applicable law, and the entire record, the Department's Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**, and the Department's Motion for Summary Judgment is **DENIED** without prejudice.

## I.   Background

As this matter is before the Court on the Department's Motion to Dismiss, the Court assumes the following facts alleged in the Amended Complaint to be true and grants Ms. Williams the benefit of all reasonable inferences deriving from the Amended Complaint.

Ms. Williams began working for the Department in August 2008 as a Federal Career Intern. Am. Compl., ECF No 18 ¶ 6. In this capacity, she performed rotational assignments until she was permanently assigned to the Office of Executive Secretariat (OES) in July 2010 as a correspondence specialist performing mail room duties. *Id*. ¶ 6. Ms. Williams was in this position until February 4, 2012, the effective date of her removal from her position. *Id.*

Ms. Williams has a number of physical disabilities –
Adenomyosis, Psoas Syndrome and Lumbar Scoliosis – which
substantially limit her ability to sit, stand, walk, and sleep.
*Id.* ¶ 7. Ms. Williams also experiences episodes of severe pain –
including pain in her back, hip, leg, and foot, that are
exacerbated by sitting, standing, and by stress. *Id.* This pain
affects her ability to sleep and also her ability to function
after she is unable to sleep. *Id.* Finally, the pain causes Ms.
Williams to vomit, resulting in her need to be close to a
restroom. *Id.* Despite these disabilities, Ms. Williams was able
to perform the essential functions of her job with reasonable
accommodations. *Id.* ¶ 8.

Ms. Williams successfully completed her internship on
August 18, 2010. *Id.* ¶ 9. On December 6, 2010, Ms. Williams met
with her supervisors and was informed that she would not receive
a promotion to GS-12 due to her absences. *Id.* ¶ 10. Ms. Williams
alleges that all of her absences were approved as either Family
Medical Leave Act (FMLA) or annual leave. *Id.* Ms. Williams
further alleges that her performance throughout her internship
had consistently been rated "outstanding." *Id.*

On December 14, 2010, Ms. Williams received an official
reprimand as a result of allegedly rude and discourteous
behavior during the December 6, 2010 meeting. *Id.* ¶ 11. Ms.
Williams states that at that meeting she "respectfully

3

questioned her supervisor's decision not to promote her by pointing out her performance rating and the fact that all of her absences had been approved." *Id.* Ms. Williams alleges that this official reprimand was used to support the ultimate decision to remove her from her position. *Id.*

Also on December 14, 2010, Ms. Williams' supervisor ceased allowing her to work an alternative work schedule, requiring her to work on a fixed schedule Monday through Friday. *Id.* ¶ 12. Ms. Williams alleges that her supervisor knew that she had an alternative work schedule based on the recommendation of her doctor that she telework at least two days per week. *Id.* Ms. Williams states that she needed a flexible schedule so that she could seek medical treatment and alleges that "similarly-situated non-disabled co-workers were permitted to continue working on an alternative work schedule." *Id.* ¶¶ 12-13.

On January 13, 2011, Ms. Williams received a performance appraisal of "excellent." *Id.* ¶ 15. Ms. Williams states that she had received an "outstanding" rating the previous year. *Id.* Ms. Williams alleges that the "[d]efendant considered this performance rating in her decision to remove [her] from her position and federal service." *Id.*

On February 11, 2011, Ms. Williams' supervisor informed her that as of February 14, 2011, she would perform filing duties rather than mail room duties. *Id.* ¶ 17.

In March 2011, Ms. Williams "took leave under the Family and Medical Leave Act to care for her father who was suffering from end stage renal failure." *Id.* ¶ 19. At that time, she also submitted a request to telework to her supervisor. *Id.* ¶ 20. In April 2011, Ms. Williams provided a letter from her doctor supporting her request to telework. *Id.* ¶ 21. Ms. Williams' FMLA leave expired on April 18, 2011. *Id.* ¶ 22. On April 20, 2011, Ms. Williams' "request to telework was denied, her request for leave without pay (LWOP) was denied, and she was placed on absent without [official] leave [AWOL]." *Id.* ¶ 23.

On June 27, 2011, a memorandum was issued instructing Ms. Williams to return to work by July 11, 2011. *Id.* ¶ 26. On July 12, 2011, Ms. Williams submitted a request for reasonable accommodation – that she be allowed to telework – to the Employee Assistance Program office. *Id.* ¶ 27.[1] On July 22, 2011, Ms. Williams "received a notice of proposed removal based on

---

[1] Ms. Williams' request to telework was denied on November 7, 2011. *Id.* ¶ 30. On November 16, 2011, the Reasonable Accommodation Committee (RAC) met to make a final decision on this request. *Id.* ¶ 31. Ms. Williams informed the RAC that she was waiting for the results of recent [Magnetic Resonance Imagings] and that she could provide updated medical documentation to the RAC when she received the results. *Id.* ¶ 32. The RAC agreed to postpone their decision and gave her until November 18, 2011 to provide additional medical documentation to the Committee. *Id.* ¶ 33. Ms. Williams was unable to obtain the documentation until December 9, 2011, and was told that her case was closed and she could not submit the documentation. *Id.* ¶ 34. On December 23, 2011, the RAC upheld the denial of her request. *Id.* ¶ 35.

AWOL, failure to follow directive, and failure to follow instruction." *Id.* ¶ 28. Ms. Williams returned to work on August 1, 2011. *Id.* ¶ 29.

With regard to her EEO activity, Ms. Williams contacted an EEO counselor on January 18, 2011 "regarding her non-promotion, official reprimand, removal of alternative work schedule, and performance appraisal." *Id.* ¶ 16. Thereafter, on March 3, 2011, Ms. Williams filed a formal complaint in which she alleged "disability discrimination and retaliation for requesting reasonable accommodations based on her non-promotion, official reprimand, removal of alternative work schedule, and performance appraisal." *Id.* ¶ 18. On May 13, 2011, Ms. Williams "amended her formal complaint to include the February 11, 2011 reassignment of job duties, April 20, 2011 denial of reasonable accommodation to telework, and the April 20, 2011 denial of LWOP." *Id.* ¶ 24.

On February 6, 2012, Ms. Williams "contacted an EEO officer regarding the December 23, 2011 denial of reasonable accommodation to telework and the February 4, 2012 removal" and on April 9, 2012, she "filed a formal complaint alleging disability discrimination and retaliation based on the December 23, 2011 denial of reasonable accommodation and her February 4, 2012 removal." *Id.* ¶¶ 40-41.

Ms. Williams alleges that she exhausted her administrative remedies by filing these two complaints of discrimination with the Department. *Id.* ¶¶ 2-3.

On January 31, 2012, Ms. Williams was removed from her position effective February 4, 2012. *Id.* ¶ 6.

## II.  Legal Standards

### A. Standards of Review

#### 1. Federal Rule of Civil Procedure 12(b)(6)

A Rule 12(b)(6) motion to dismiss "tests the legal sufficiency of a complaint." *Browning v. Clinton*, 292 F.3d 235, 242 (D.C.Cir.2002). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility requires that "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Detailed factual allegations are not required, but the plaintiff is required to provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *id.*, and must plead enough facts "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task

that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679.

When ruling on a Rule 12(b)(6) motion, the court may consider "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F.Supp.2d 191, 196 (D.D.C.2002). The court "must accept as true all of the factual allegations contained in the complaint," *Atherton v. D.C. Office of the Mayor*, 567 F.3d 672, 681 (D.C.Cir.2009)(quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and must construe the complaint liberally in the plaintiff's favor, granting the plaintiff the benefit of all reasonable inferences deriving from the complaint. *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir.1994). However, the court need not "accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." *Id.* Further, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

suffice." *Iqbal*, 556 U.S. at 678. Only a claim that "states a plausible claim for relief survives a motion to dismiss." *Id.* at 679.

### 2. Federal Rule of Civil Procedure 56

Summary judgment is appropriate when the moving party has shown that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Waterhouse v. District of Columbia*, 298 F.3d 989, 991 (D.C. Cir.2002). A material fact is one that is capable of affecting the outcome of the litigation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue exists where the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* A court considering a motion for summary judgment must draw all "justifiable inferences" from the evidence in favor of the nonmovant. *Id.* at 255.

"[S]ummary judgment is premature unless all parties have 'had a full opportunity to conduct discovery.'" Convertino v. Dept. of Justice, 684 F.3d 93, 99 (D.C.Cir.2012) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986). It is particularly important that litigants in discrimination cases have the opportunity to engage in discovery. *Gray v. Universal Serv. Admin. Co.*, 581 F.Supp.2d 47, 57 (D.D.C.2008)(dismissing

defendant's motion for summary judgment in the alternative without prejudice in an employment discrimination case to allow the parties the opportunity to conduct full discovery); *Gordon v. Napolitano*, 786 F.Supp.2d 82, 86 (D.D.C.2011)(declining to dismiss plaintiff's claims or convert the motion to one for summary judgment in an employment discrimination case because plaintiff had not yet had the benefit of discovery).

### 3. Discrimination Under the Rehabilitation Act

The Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability" may be discriminated against by a federal agency "solely by reason of her or his disability." 29 U.S.C. § 794(a).[2] The two essential elements of a discrimination claim under the Act are that (i) the plaintiff suffered an adverse employment action (ii) because of her disability. *Baloch v. Kempthorne*, 550 F.3d 1191, 1196 (D.C. Cir.2008).[3] An adverse employment action is "a significant change

---

[2] The Act "expressly incorporates the standards of the [Americans with Disabilities Act] for claims of employment discrimination." Rosier v. Holder, 833 F.Supp.2d 1, n.1 (D.D.C.2011)(internal citations omitted).

[3] Generally, to establish a *prima facie* case of discrimination, a plaintiff must demonstrate that: "(1) [she] is a member of a protected class; (2) [she] has suffered an adverse employment action; and (3) the unfavorable action gives rise to an inference of discrimination." *Czekalski v. Peters,* 475 F.3d 360, 364 (D.C.Cir.2007)(quoting *George v. Leavitt,* 407 F.3d 405, 412 (D.C.Cir.2005)). "At the motion to dismiss stage, however, a plaintiff need not prove a prima facie case." *Munro v. LaHood*, 839 F.Supp.2d 354, 360 (D.D.C.2012)(citations omitted).

in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing significant change in benefits." *Taylor v. Small*, 350 F.3d 1286, 1293 (D.C.Cir. 2003)(quoting *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998)(pinpoint cite omitted in original).

With regard to the causation element of a Rehabilitation Act claim, "courts have found that the presence of the word 'solely' [in the Act] means that the causation element of intentional discrimination and retaliation claims brought under [the Rehabilitation] Act cannot be satisfied by a motivating factor test; rather, the applicable analysis is the traditional 'but-for' causation standard." *Drasek v. Burwell*, 121 F.Supp.3d 143, 154 (D.D.C.2015)(citing *Gard v. U.S. Dep't of Educ.,* 752 F.Supp.2d 30, 35–36 (D.D.C.2010). At the motion to dismiss stage, however, the court does not need "to undertake a 'full causation analysis' in determining whether plaintiff has stated a claim." *Badwal v. Board of Trustees of the University of District of Columbia*, 139 F.Supp.3d 295, 311 (D.D.C.2015)(citing *Nurriddin v. Bolden*, 674 F.Supp.2d 64, 90 (D.D.C.2009). "Merely alleging that the employer's proffered reasons for the adverse employment actions is false may support an inference of discrimination sufficient to survive a motion to dismiss." *Nurriddin*, 674 F.Supp.2d at 90(citing *George v. Leavitt,* 407

11

F.3d 405, 412 (D.C.Cir.2005)(reversing district court for
requiring plaintiff to support prima facie case with evidence
that she was treated differently than similarly situated
employees not part of the protected class because "[e]limination
of [employer's legitimate] reasons ... is sufficient, absent
other explanation, to create an inference that the decision was
a discriminatory one").

Under the standard set forth in *Iqbal*, to survive a motion
to dismiss, Ms. Williams' complaint needs to "contain[]
sufficient factual matter" from which the Court can "draw the
reasonable inference" that the Department discriminated against
her because of her disabilities and thus violated the Act.
*Iqbal*, 556 U.S. at 678.

**IV.   Analysis**

**A. Count 1**

As a preliminary matter, the Court notes that the
Department does not dispute that Ms. Williams has adequately
alleged that she has a disability. *See generally* Def.'s Mot. to
Dismiss, ECF No. 20. In Count 1, Ms. Williams alleges that the

> [d]efendant violated the Rehabilitation Act by
> discriminating against [her] on the basis of
> her disabilities, its record of her
> disabilities, and its perception of her as
> disabled, when it denied her a promotion,
> issued her an official reprimand, removed her
> from an alternative work schedule, issued her
> a performance rating of excellent, assigned
> her a different set of duties, denied her

12

> requests to telework, charged her AWOL, and
> removed her from her position.

Am. Compl., ECF No. 18 ¶ 43.

In support of its Motion to Dismiss Count 1, the Department asserts that Ms. Williams was removed from her position because of chronic absences and undependability – in particular, when her removal was proposed in 2011, she had been out of the office for seven months of an eleven month period. Def.'s Mot. to Dismiss, ECF No. 20-1 at 1-2. The Department argues that under controlling law, the following actions do not constitute adverse employment actions: official reprimand, ending Ms. Williams' AWS schedule, changing Ms. Williams' job duties, and Ms. Williams' performance appraisal rating. *Id.* at 7-11. The Department further argues that all claims within Count 1 should be dismissed because Ms. Williams has failed to allege facts that make it plausible that the Department took these actions because of Ms. Williams' alleged disabilities. *Id.* at 11-17.

Ms. Williams responds that the Department has not contested that the denial of a promotion was an adverse action, that the official reprimand materially affected the terms and conditions of her employment because it was considered when the decision to end her employment was made, that removal from AWS was an adverse action because she needed AWS due to her disability and similarly-situated non-disabled co-workers were permitted an AWS

schedule, and that removal constitutes an adverse employment action. Pl.'s Opp'n, ECF No. 21 at 4-5.

The Department replies that because Ms. Williams did not respond to its argument that neither changing Ms. Williams' job duties nor Ms. Williams' performance appraisal constitute adverse employment actions, she has conceded that they do not. Def.'s Reply, ECF No. 24 at 3-4.

### 1. Whether Ms. Williams suffered adverse employment actions

The Department does not dispute that Ms. Williams suffered an adverse employment action when it denied her a promotion, charged her AWOL, and removed her from her position. *See generally* Def.'s Mot. to Dismiss, ECF No. 20-1. Ms. Williams, for her part, does not respond to the Department's argument that the change in duties or her performance appraisal rating are not adverse actions. *See generally*, Pl.'s Opp'n, ECF No. 21. Ms. Williams has therefore conceded that the change in her duties and her performance appraisal rating were not adverse employment actions. *See Hopkins v. Women's Div., Gen. Bd. of Global Ministries*, 284 F.Supp.2d 15, 25 (D.D.C.2003), *aff'd,* 98 Fed. Appx. 8 (D.C.Cir.2004)("It is well understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff

14

failed to address as conceded.") (citations omitted).

Accordingly, the Court will **GRANT** the Motion to Dismiss as to

the claims for change in duties and performance appraisal. At

issue, then, is whether the official reprimand and ending Ms.

Williams' AWS schedule constitute adverse employment actions.

*Official Reprimand*. Ms. Williams alleges that the official

reprimand was used to support the decision to remove her from

her position. Am. Compl., ECF No. 18 ¶ 11. The Department argues

that the official reprimand itself was not an adverse employment

action and so must be dismissed. Def.'s Mot. to Dismiss, ECF No.

20 at 8-9. However, the cases the Department cite to support

this point support the opposite conclusion--that because she was

removed from her position in part allegedly because of the

reprimand, the reprimand does constitute an adverse employment

action. *See Stewart v. Evans*, 275 F.3d 1126, 1136 (D.C.Cir.

2002)("This Court has held that formal criticisms or reprimands,

without additional disciplinary action such as a change in

grade, salary, or other benefits, do not constitute adverse

employment actions. Plaintiff has not alleged that the report of

the Cordoba matter in any way affected her job performance

ratings or the conditions of her employment. Because this report

had no effect on Ms. Stewart's pay, benefits, or privileges, it

cannot be considered an adverse employment action under Title

VII.")(internal citations omitted); *Weng v. Solis*, 960 F.Supp.2d

239, 247 (D.D.C.2013)( "Plaintiff does not present any evidence
that the Warning Memorandum affected her grade, salary, or
benefits. Nor does she demonstrate that the Memorandum affected
the terms, conditions, or privileges of her employment or future
employment opportunities. Without such evidence, a reasonable
trier of fact cannot conclude that she "suffered objectively
tangible harm" as a result of the Warning Memorandum").
Accordingly, Ms. Williams has sufficiently alleged that the
official reprimand constituted an adverse employment action.

    *Alternative Work Schedule (AWS).* Ms. Williams alleges that
her supervisor removed her from AWS and required her to work a
Monday to Friday fixed schedule despite knowing that she had an
AWS based on the recommendation of her doctor that that she
telework at least two days per week. Am. Compl., ECF No. 18 ¶
12. Ms. Williams also alleges that she needed a flexible
schedule so that she could seek medical treatment. *Id.* The
Department, relying principally on *Hunter v. District of
Columbia,* F.Supp.2d 364, 373 (D.D.C.2012), argues that this
court has repeatedly held that ending an AWS schedule does not
constitute an adverse employment action. Def.'s Mot. to Dismiss,
ECF No. 20 at 9. In *Hunter*, in the context of ruling on a motion
for summary judgment, the court found, as a matter of law, that
the plaintiff had not suffered an adverse employment action when
"there [wa]s no showing that defendant's denial of [plaintiff's]

16

application for the AWS program affected his employment status." *Hunter*, F.Supp.2d at 373. Ms. Williams cites no legal authority in support of her assertion that removing her from her alternative work schedule was due to her disability because "similarly situated non-disabled co-workers were permitted to work an AWS." Pl.'s Opp'n, ECF No. 21 at 5.

Ms. Williams has not alleged any facts from which the Court could infer that ending her AWS constituted an adverse employment action because it affected her employment status. *See generally* Am. Compl., ECF No. 18. The only facts that Ms. Williams has alleged regarding this claim are that her doctor had recommended that she telework at least two days per week and that she needed a flexible schedule that allowed her to seek medical treatment. Am. Compl., ECF No. 18 ¶ 12. Ms. Williams has conclusorily alleged that similarly-situated non-disabled co-workers were permitted to work an AWS schedule, *Id*. ¶ 13, but this is relevant to whether Ms. Williams has sufficiently alleged that she suffered an adverse employment action because of her disability, and not whether the ending of AWS constituted an adverse employment action. The Court recognizes that Ms. Williams *was* removed from her position, which was an adverse employment action, a little over a year after she was removed from AWS. Ms. Williams alleges that her notice of proposed removal was "based on AWOL, failure to follow directive, and

failure to follow instruction." Am. Compl., ECF No. 18 ¶ 28.
Thus, Ms. Williams does not allege that ending her AWS affected
her removal from her position. Because Ms. Williams has alleged
no facts from which the Court could infer that ending her AWS
affected her employment status, the Court will **GRANT** the Motion
to Dismiss the AWS claim in Count 1.

### 2. Whether Ms. Williams suffered adverse employment actions because of her disability

The Department argues that all claims within Count 1 should
be dismissed because Ms. Williams has failed to allege facts
that make it plausible that the Department took these actions
because of Ms. Williams' alleged disabilities. Def.'s Mot. to
Dismiss, ECF No. 20 at 11-17. The claims that have not already
been dismissed in Count 1 are: (1) the official reprimand; (2)
denial of promotion; (3) charge of AWOL; (4) denial of requests
to telework; and (5) removal. Ms. Williams alleges that the
Department discriminated against her on the basis of her
disabilities when it took each of these actions. Am. Compl., ECF
No 18 ¶ 43.

*Official Reprimand.* Ms. Williams alleges that

> [o]n December 14, 2010, Plaintiff received an
> official reprimand for allegedly rude and
> discourteous behavior during the December 6,
> 2010 meeting in which Plaintiff had
> respectfully questioned her supervisor's
> decision not to promote her by pointing out
> her performance rating and the fact that all
> of her absences had been approved[.]

> Defendant considered this official reprimand
> and used it in support of the decision to
> remove Plaintiff from her position and federal
> service.

Am. Compl., ECF No. 18 ¶ 11. The Department argues that based on

the sole factual allegation regarding the official reprimand in

the Amended Complaint, the "[p]laintiff asks the Court to draw

the inference that Defendant purposefully discriminated against

her on the basis of her disabilities simply because she received

a reprimand for rude and discourteous behavior in front of three

witnesses, when she asserts that she had in fact been

respectful." Def.'s Mot. to Dismiss, ECF No. 20-1 at 13. The

Department maintains that this is not a reasonable inference

and, quoting *Iqbal*, argues that Ms. Williams has "merely pleaded

a sheer possibility that defendant has acted unlawfully." *Id.* In

response, Ms. Williams does not point to any factual allegations

in the Complaint that support her claim that she was

discriminated against her on the basis of her disabilities when

she was issued the formal reprimand. Pl.'s Opp'n, ECF No. 21 at

4.

Ms. Williams' Amended Complaint is completely devoid of

factual matter that would support her claim that the Department

discriminated against her based on her disabilities when it

issued the official reprimand. *See generally* Am. Compl., ECF No.

18. Rather, the only allegation regarding this claim is that she

was reprimanded because of rude and discourteous behavior.
Moreover, although Ms. Williams asserts that she was respectful,
she does not allege that the reason her employer gave -- rude
and discourteous behavior - was false. *See Nurriddin*, 674
F.Supp.2d at 90. Ms. Williams has therefore failed to "state a
claim to relief that is plausible on its face." *Iqbal*, 556 U.S.
at 678 (internal citations omitted). Accordingly, the Court will
**GRANT** the Motion to Dismiss the official reprimand claim in
Count 1 of the complaint.

   *Denial of Promotion.* Ms. Williams alleges that she was
discriminated against on the basis of her disabilities when she
was denied a promotion. Am. Compl., ECF No. 18 ¶ 7. The
Department argues that Ms. Williams' allegations regarding the
denial of promotion constitute a legal conclusion that the Court
need not assume to be true. Def.'s Mot. to Dismiss, ECF No. 20-1
at 11. Further, the Department argues that Ms. Williams' factual
allegations related to this claim provide no support for her
"allegation that she was denied a promotion on the basis of her
disability." *Id.* at 12. Ms. Williams responds that she has
sufficiently alleged facts to support her claim because she has
alleged that the reason her supervisor gave for failing to
promote her - her absences - is false and that the real reason
she was not promoted was because of her disabilities "because
her absences were all approved and her work performance during

this time was satisfactory based on her outstanding performance evaluations." Pl.'s Opp'n, ECF No 21 at 4-5. The Department replies that Ms. Williams has failed to adequately allege a causal link between her disability and the denial of promotion and therefore fails to state a claim. *See* Def.'s Reply, ECF No. 24 at 6.

Contrary to Ms. Williams' assertion, she does not allege in her Amended Complaint that the reason given for not promoting her was false. *See* Am. Compl., ¶¶ 9-10, 43. Rather, Ms. Williams has alleged that (1) she was informed she would not be promoted due to her absences; (2) her performance had consistently been rated "outstanding"; (3) her absences had been approved; and (4) the Department discriminated against her on the basis of her disabilities when it denied the promotion. *Id*. ¶¶ 10, 43. Ms. Williams asserts that the reasons that were given were false in her opposition to the Department's Motion to Dismiss. Pl.'s Opp'n, ECF No 21 at 4-5. Where a plaintiff fails to include allegations in her complaint, she may not amend her complaint via the briefs in opposition to a motion to dismiss. *Kingman Park Civic Assoc. v. Gray*, 27 F.Supp.3d 142, 168 (D.D.C. 2014)(citations omitted). On March 7, 2014, the Court granted leave for Ms. Williams to amend her complaint, originally filed on November 29, 2012, which she requested in response to the defendant's first pre-answer dispositive motion. Minute Order of

March 3, 2014. Thus, Ms. Williams had an opportunity to cure any deficiencies in her complaint after reviewing the defendant's first pre-answer dispositive motion. Accordingly, because Ms. Williams has not alleged that the reasons given for her non-promotion were false, Ms. Williams' complaint fails to "contain[] sufficient factual matter" from which the Court can "draw the reasonable inference" that the Department discriminated against her in violation of the Act when she was not promoted. *Iqbal*, 556 U.S. at 678. The Court will therefore **GRANT** the Department's Motion to Dismiss the non-promotion claim in Count 1 of the complaint.

*Charge of AWOL, Denial of Telework Requests and Removal.* The Department argues that Ms. Williams has not provided any facts to support her assertion that she was placed on AWOL rather than Leave Without Pay (LWOP) because of her disabilities. Def.'s Mot. to Dismiss, ECF No. 20-1 at 15. Next, the Department argues that none of Ms. Williams' allegations regarding the denial of her requests to telework suggest that it was motivated by a "discriminatory animus" and thus does not survive a motion to dismiss. *Id.* at 16. The Department then argues that Ms. Williams' allegations provide little factual support from which the Court could draw an inference that she was removed from her position because of discrimination and thus do not raise her claim for relief above a speculative level.

22

Def.'s Mot. to Dismiss, ECF No. 20-1 at 16. In particular, the
Department notes that Ms. Williams' allegations fail to suggest
that the Department acted unlawfully, but rather provide support
for her removal being for the reasons she was given and that she
herself alleged in her complaint. *Id.*

As alleged in her complaint, on July 22, 2011, Ms. Williams
"received a notice of proposed removal based on AWOL, failure to
follow directive, and failure to follow instruction." Am.
Compl., ECF No. 18 ¶ 28. This occurred after Ms. Williams'
Family and Medical Leave Act (FMLA) leave expired, her requests
to telework and for LWOP were denied, she was instructed by
memorandum to report to work by July 11, 2011, and she responded
that she could not return to work on that day, but could on a
date 22 days later. *Id.* ¶¶ 22, 26, 28. Ms. Williams' responds to
the Department's arguments with a single sentence: "Plaintiff
alleges she was removed from federal service based on her
disabilities because instead of accommodating her and granting
her repeated requests to telework, Defendant marked her as AWOL
and then removed her based on her absences due to her
disabilities," and cites caselaw to support the proposition that
removal is an adverse action. Pl.'s Opp'n, ECF No. 21 at 4-5.
The Department replies that Ms. Williams has failed to
adequately allege a causal link between her disability and her

23

removal and therefore fails to state a claim. *See* Def.'s Reply, ECF No. 24 at 6.

As an initial matter, the Department does not dispute that Ms. Williams' removal from her position constitutes an adverse employment action. *See generally* Def.'s Mot. to Dismiss, ECF No. 20. Thus, the caselaw cited by Ms. Williams does not address the Department's argument – that she failed to adequately allege that she was removed from her position because of her disabilities. As stated *supra*, Ms. Williams' complaint needs to "contain[] sufficient factual matter" from which the Court can "draw the reasonable inference" that the Department discriminated against her in violation of the Act when it removed her from her position because it removed her because of her disabilities. *Iqbal*, 556 U.S. at 678. Ms. Williams does make this allegation, Am. Compl., ECF No. 18 ¶ 43, but she provides no factual matter from which the Court can reasonably infer that she was discriminated against because of her disabilities when she was charged with AWOL, her telework requests were denied, and she was removed from her position. She has not alleged that the reasons she alleged were given for her termination -- because she was AWOL when she did not return to work after her FMLA leave expired, and she failed to follow directive and instruction when she did not return to work on the date given, but returned 22 days later on the date of her own choosing –

were false. *See Nurriddin*, 674 F.Supp.2d at 90. Finally, her
paltry response to the Department's Motion to Dismiss does not
provide the Court with any reason to disagree with the
Department. Accordingly, the Court will **GRANT** the Department's
Motion to Dismiss the charge of AWOL, denial of telework
requests and removal claims in Count 1 of the complaint.

**B. Count 3**

In Count 3, Ms. Williams alleges that the Department
violated the Act when it terminated her in retaliation for
engaging in protected EEO activity. Am. Compl., ECF No. 18 ¶ 47.
The Department argues that "[t]he Complaint lacks factual
allegations asserting what constituted the predicate EEO
activity that purportedly led to the retaliation." Def.'s Mot.
to Dismiss, ECF No. 20-1 at 17. Ms. Williams responds that the
Complaint "specifies numerous instances of protected activity"
including her March 3, 2011 formal complaint of discrimination,
her May 13, 2011 amendment to that complaint, and her March 6
and July 12, 2011 requests for reasonable accommodation. Pl.'s
Opp'n, ECF No. 21 at 6.

Although the Department has moved this Court to dismiss
Count 3 pursuant to Rule 12(b)(6), in its reply, the Department
raised for the first time the question of whether Ms. Williams
exhausted her administrative remedies regarding this claim,
arguing that Ms. Williams does not allege that her formal EEO

complaints are the basis of her retaliatory removal claim.
Def.'s Reply, ECF No. 24 at 7-9. The Department also argues that
is inappropriate for the Court to consider documentation
provided by Ms. Williams to demonstrate that she exhausted her
administrative remedies. *Id.* at 7. Because the Department raised
the jurisdictional issue for the first time in its reply, which
it stated was because Ms. Williams had only identified the acts
underlying the retaliation claim in her opposition, the Court,
*sua sponte*, directed Ms. Williams to file a surreply addressing
this issue. Minute Order of March 27, 2015. Ms. Williams timely
filed her surreply on March 30, 2015. Plaintiff's Surreply, ECF
No. 25.

### 1. Ms. Williams exhausted her administrative remedies on her retaliation claim

The Rehabilitation Act "limits judicial review to employees
'aggrieved by the final disposition [or lack of final
disposition] of' their administrative 'complaint.' *Spinelli v.
Goss*, 446 F.3d 159, 162 (D.C.Cir.2006)(quoting 29 U.S.C. §
794a(a)(1). In so doing, the Rehabilitation Act makes "failure
to exhaust administrative remedies ... a jurisdictional defect,
requiring dismissal for lack of subject-matter jurisdiction," so
"the plaintiff has the burden to plead and prove it." *Ellison v.
Napolitano,* 901 F.Supp.2d 118, 124 (D.D.C.2012)(quotation marks
omitted).

"[T]he proper method for challenging exhaustion under the Rehabilitation Act is a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction." *Rosier,* 833 F.Supp.2d at 5 (citations omitted). "Even in the absence of a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the Court has an independent duty to assess jurisdiction." *Id.* (citations omitted). In assessing jurisdiction, "the Court may go outside the pleadings and consider evidence found in the record, when necessary to fully resolve 12(b)(1) jurisdictional challenges." *Id.* (citations omitted). Whether or not the court relies on documents outside of the complaint, the non-moving party "is entitled to all *reasonable* inferences that can be drawn in her favor." *Id.* (citations omitted) (emphasis in the original).

Pursuant to Equal Employment Opportunity regulations applicable to the Department, *see* 29 C.F.R. § 1614.103, persons who believe they have been discriminated against or retaliated against, "must initiate contact with a counselor within 45 days of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105. After attempting to resolve the issue informally, and upon being notified that the matter has not been resolved, the person must file a complaint with the agency within 90 days. 29 C.F.R. § 1614.106(b). If a final

27

agency decision is not issued within 120 days of the filing of the complaint, the person may file a civil action pursuant to 29 C.F.R. § 1614.310(g).

"A plaintiff fails to exhaust her administrative remedies when the complaint she files in federal court includes a claim that was not raised in the administrative complaint." *Latson v. Holder*, 82 F.Supp.3d 377, 384 (D.D.C.2015)(citations omitted). "This exhaustion requirement is not a 'mere technicality,' but 'serves the important purposes of giving the charged party notice of the claim and narrow[ing] the issues for prompt adjudication and decision.'" *Id.* (quoting *Park v. Howard Univ.,* 71 F.3d 904, 907 (D.C.Cir.1995).

With regard to Ms. Williams' retaliatory removal claim, the complaint alleges the following. On April 9, 2012, Ms. Williams "filed a formal complaint alleging disability discrimination and retaliation based on the December 23, 2011 denial of reasonable accommodation and her February 4, 2012 removal." *Id.* ¶ 41. Ms. Williams alleges that "[m]ore than 120 days have passed since the filing of this complaint and there has been no formal action or appeal to the Merit Systems Protection Board." *Id.* ¶ 3. In her surreply, Ms. Williams provided documentation pertaining her informal complaint of discrimination that preceded the formal April 9, 2012 complaint. Pl.'s Surreply, ECF No. 26-2. This documentation indicates that Ms. Williams contacted the EEO

office on February 6, 2012 regarding the "12/23" denial of
reasonable accommodation, reprisal for EEO participation in
December 2010, and termination. *Id*. On March 7, 2012, the
Department informed Ms. Williams that her claims for physical
disability and reprisal based on the December 23, 2011 denial of
reasonable accommodation for her disability by not providing her
appropriate time to submit supporting documentation from her
doctor and for termination had not been resolved informally and
that she could file a formal complaint. *Id*. Exhibit C to the
Department's motion is Ms. Williams' second formal complaint of
employment discrimination, in which she alleges that she was
terminated in reprisal for her first formal complaint of
harassment. Def.'s Mot. to Dismiss, ECF No. 20-3 at 18. Exhibit
D is the Department's Notice of Acceptance for investigation of
Ms. Williams' allegation that she was retaliated against for
prior EEO activity when she was unjustly terminated from her
employment. *Id*. at 22-23.

This documentation demonstrates that Ms. Williams
administratively exhausted her retaliation claim. Ms. Williams
initiated contact with the EEO counselor on February 6, 2012,
which is within 45 days of the December 23, 2011 denial of
reasonable accommodation. Ms. Williams filed her formal
complaint on April 9, 2012, which is within 90 days of the March
7, 2012 notification that her informal complaint had not been

resolved. Ms. Williams then filed this lawsuit on November 29, 2012, which is more than 120 days after she filed her formal complaint. Finally, Ms. William's administrative claim alleged reprisal for her prior EEO complaint.

### 2. Ms. Williams has stated a claim for retaliation under the Rehabilitation Act

"To prove retaliation, the plaintiff generally must establish that he or she suffered (i) materially adverse action (ii) because he or she had brought or threatened to bring a discrimination claim." *Baloch,* 550 F.3d at 1198. To survive a motion to dismiss a retaliation claim, "all [the] complaint has to say" is "the Department retaliated against me because I engaged in protected activity." *Rochon v. Gonzalez*, 438 F.3d 1211, 1220 (D.C.Cir.2006)(internal citations omitted); *Munro v. LaHood*, 839 F.Supp.2d. 354, 364 (D.D.C.2012). Ms. Williams alleges that she was terminated in retaliation for engaging in protected activity. Am. Compl., ECF No. 18 ¶ 47. Contrary to the Department's assertions, Def.'s Reply, ECF No. 24 at 7-9, Ms. Williams has sufficiently alleged the predicate EEO activing that led to the retaliation. Specifically, on January 18, 2011, Ms. Williams contacted an EEO counselor "regarding her non-promotion, official reprimand, removal of alternative work schedule, and performance appraisal." Am. Compl., ECF No. 18 ¶ 16. Thereafter, on March 3, 2011, she filed a formal complaint

in which she alleged "disability discrimination and retaliation for requesting reasonable accommodations based on her non-promotion, official reprimand, removal of alternative work schedule, and performance appraisal." *Id.* at ¶ 18. On May 13, 2011, Ms. Williams "amended her formal complaint to include the February 11, 2011 reassignment of job duties, April 20, 2011 denial of reasonable accommodation to telework, and the April 20, 2011 denial of LWOP." *Id.* at ¶ 24. Ms. Williams has sufficiently alleged a claim for retaliation because she has alleged that she was retaliated against because she engaged in protected activity. Accordingly, the Court will **DENY** the Department's Motion to Dismiss Count 3 of the Amended Complaint.

**V.    The Department's motion for summary judgment is premature**

Although discovery has not yet occurred in this case, the Department asserts that no genuine issue of material fact exists with regard to Counts 1, 2, or 3, and moves in the alternative for Summary Judgment, attaching 23 exhibits to its motion. Def.'s Mot. to Dismiss, ECF No. 20-1 at 18. Ms. Williams responds by asking the Court to "decline to consider the administrative record materials submitted by Department and convert Department's motion to dismiss into a motion for summary judgment because Ms. Williams is entitled to *de novo* review of her claim and has not had the benefit of discovery in this matter" but nonetheless attaches 11 exhibits to her opposition.

31

Pl.'s Opp'n, ECF No. 21 at 4. Ms. Williams further states that because no discovery has taken place, it is not possible "for Ms. Williams to adequately establish genuine issues of material fact necessary to be litigated." *Id.* at 7. The Department replies that because Ms. Williams did not respond to its Statement of Material Facts As to Which There is No Dispute, as required by Local Rule h(1), the Court should consider those facts admitted. Def.'s Reply, ECF No. 24 at 10.

Because both Ms. Williams and the Department have presented materials outside of the pleadings, the Court will therefore treat the motion as one for summary judgment. *White v. Vilsack*, 888 F.Supp.2d 93, 99-100 (D.D.C.2012)(citing *Holy Land Found. for Relief and Dev. V. Ashcroft*, 333 F.3d, 156, 165 (D.C.Cir. 2003)).

The Court has considered the exhibits that the parties have filed, some of which appear to be part of the administrative proceedings arising out of Ms. Williams' formal complaints of discrimination with the Department, and concludes that because discovery has not yet been undertaken, the record has not been developed enough for there to be a determination of whether there are any genuine issues of material fact in this case. The Court understands that there have been administrative proceedings, but the Rehabilitation Act specifically provides for judicial review of allegations of discrimination following

Ms. Williams' exhaustion of administrative remedies. *See* 29 U.S.C. 794a(a)(1). The Court concludes that the Department's motion for summary judgment is premature, and "declines, in its discretion, to entertain the [Department's] motion for summary judgment before allowing for a period for discovery." *White,* 888 F.Supp.2d at 100, *Americable Int'l, Inc. v. Dep't of the Navy et al.,* 129 F.3d. 1271, 1274 (D.C.Cir.1998)("As we have stated before, summary judgment ordinarily "is proper only after the plaintiff has been given adequate time for discovery." *First Chicago Int'l v. United Exch. Co.,* 836 F.2d 1375, 1380 (D.C.Cir.1988); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)(summary judgment appropriate only "after adequate time for discovery"); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 257 (1986) (plaintiff must have "a full opportunity to conduct discovery")"). The Court disagrees that Ms. Williams is required to respond to the Department's Statement of Material Facts As to Which There is No Dispute before she has had the opportunity to engage in discovery. The motion for summary judgment is **DENIED** without prejudice.

## VI. Conclusion

Upon consideration of the motion, the response thereto, the applicable law, the entire record, and for the reasons stated above, the Department's Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**, and the Department's Motion for Summary Judgment

is **DENIED** without prejudice. Ms. Williams may proceed on her

claims in Count 2 and Count 3 of the Amended Complaint. Count 1

is hereby **DISMISSED**. An appropriate Order accompanies this

Memorandum Opinion.

    **SO ORDERED.**

**Signed:**    **Emmet G. Sullivan**
             **United States District Judge**
             **November 30, 2016**